■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY, for and on Behalf of the CITY OF NEW YORK, Relative to Acquiring Title to Real Property for the GUN HILL BUS DEPOT. BATTER-UP, INC., Appellant, v ESTATE OF MAX DONNER et al., Respondents.—Judgment of the Supreme Court, Bronx County (Herbert Shapiro, J.), entered on or about January 19, 1989, which, *inter alia,* awarded claimant Batter-Up, Inc. no compensation for the unexpired term of its lease upon the city's condemnation of the subject property by eminent domain, unanimously affirmed, without costs.

The property which is the subject of this controversy is part of a parcel owned by the estate of Max Donner which was rented to claimant pursuant to a written lease for a term of 11 years. At the time the city applied to acquire title to the property, six years remained on claimant's lease. Consequently, claimant sought recovery for the value of its unexpired leasehold interest. The hearing court determined that claimant failed to demonstrate that its leasehold interest had any value that merited an award.

The evidence fails to sustain claimant's contention that the use to which the premises were restricted pursuant to the lease was of any value to the tenant. Indeed, the appraisers

could not locate any comparable leases for the purpose of assessing its worth. Moreover, claimant's business did not operate at a profit, Claimant was in arrears in its rent, and it had never made any payments under the cost-of-living adjustment clause of the lease.

Claimant relies on *Irv-Ceil Realty Corp. v State of New York* (43 AD2d 775, 776), in which the court noted that "market realities" dictate that a leasehold retains some value where 19 years remain in the term at the time of its appropriation. Here, by contrast, only six years remained in the term, and the landlord retained the right to terminate the lease in the event of a sale or rental of the property. Accordingly, we agree with the trial court that the record reflects no "market realities" which dictate a recovery in this case. Concur—Milonas, J. P., Ellerin, Wallach and Rubin, JJ.